CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GERMAN PUMA, on behalf of himself and : Case No. 19-CV-9824
others similarly situated, :
:
                     Plaintiff, : **FLSA COLLECTIVE**
: **ACTION COMPLAINT**
   -against- :
:
DREAM TEAM PARTNERS, LLC d/b/a :
RICE 'N BEANS, and SALLY CHIRONIS, : **Jury Trial**
: **Demanded**
                     Defendants. :
-----------------------------------------------------------------X

Plaintiff, GERMAN PUMA (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants DREAM TEAM PARTNERS, LLC d/b/a RICE 'N BEANS ("DREAM TEAM"), and SALLY CHIRONIS (collectively, the "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that his work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Defendant, DREAM TEAM, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 744 Ninth Avenue, New York, New York 10019.

7. Defendant, DREAM TEAM, owns and operates a Brazilian restaurant known as "Rice 'n Beans," located at 744 Ninth Avenue, New York, New York 10019 (the "Restaurant").

8. Defendant, SALLY CHIRONIS, is a member of DREAM TEAM and, as such, is a partner, owner, director, proprietor, supervisor, and/or managing agent of

DREAM TEAM, who actively participates in the day-to-day operations of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with DREAM TEAM.

9. Defendant, SALLY CHIRONIS, also owns and operates another restaurant doing business as "Rice 'n Beans," located at 30-86 51st Street, Woodside, New York 11377.

10. Defendant, SALLY CHIRONIS, exercises control over the terms and conditions of the employees' employment at the Restaurant in that she has the power and authority to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11. Defendant, SALLY CHIRONIS, is present on the premises of the Restaurant on a daily basis, actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by her.

12. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, DREAM TEAM was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been

moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13. Sometime in or about the year 2000, Plaintiff was first hired to work at the Restaurant to work as a non-exempt dishwasher, kitchen helper/food preparer, food delivery worker, and porter.

14. Plaintiff worked at the Restaurant in those capacities until on or about August 20, 2019.

15. The work performed by Plaintiff was directly essential to the business operated by Defendants.

16. Defendants knowingly and willfully refuse to pay Plaintiff and others similarly situated their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully refuse to pay Plaintiff and others similarly situated his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18. Defendants knowingly and willfully refuse to pay Plaintiff and others similarly situated his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20. Defendant, SALLY CHIRONIS, hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurant.

21. Defendant, SALLY CHIRONIS, herself also actively participates in the day-to-day operation of the Restaurant. For instance, Ms. Chironis also personally hires and fires employees, supervises and directs the work of the employees, and instructs the employees how to perform their jobs.

22. Although Ms. Chironis provides managers with some authority to effectively run the day-to-day operation of the Restaurant, Ms. Chironis is the individual that creates and implements all business policies and makes all crucial business decisions, including those concerning the number of hours the employees are required to work, amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

23. In or about 2000, Plaintiff was hired to work at the Restaurant as a non-exempt dishwasher, kitchen helper/food preparer, food delivery worker, and porter.

24. Upon information and belief, Defendant SALLY CHIRONIS took over ownership and operational control of the Restaurant in or about 2010.

25. Plaintiff worked at the Restaurant until on or about August 20, 2019.

26. Plaintiff worked solely for Defendants throughout the relevant statutory limitations period.

27. Plaintiff worked over forty (40) hours per week.

28. From the beginning of the relevant six (6) year limitations period beginning in October 2013 and continuing through the remainder of his employment on or about August 20, 2019, Plaintiff worked five (5) days per week, and his work shift consist of eleven (11) hours per day Monday through Thursday from 12:00 p.m. until

11:00 p.m., and twelve (12) hours on Friday from 12:00 p.m. until 12:00 a.m., thereby working approximately fifty-six (56) hours per week.

29. Plaintiff was not required to punch a time clock or other time-recording device at the start and end of his daily work shift.

30. Defendants create weekly written work schedules for its employees.

31. More than two (2) hours and/or twenty percent (20%) of Plaintiff's work shift was spent performing non-tipped work.

32. From the beginning of the relevant six (6) year limitations period beginning in October 2013 and continuing through in or about December 2013, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $300 per week straight time for all hours worked. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. Beginning in or about January 2014 and continuing through in or about December 2015, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $350 per week straight time for all hours worked. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34. Beginning in or about January 2016 and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $400 per week straight time for all hours worked. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

35. Beginning in or about January 2017 and continuing through in or about December 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $400 per week straight time for all hours worked. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

36. Beginning in or about January 2018 and continuing through in or about April 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, by check, at the rate of $450 per week straight time for all hours worked. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

37. Beginning in or about May 2019 and continuing through present time, Plaintiff is not being paid proper minimum wages and overtime compensation. During this period, Plaintiff is being paid, by check, at the rate of $500 per week straight time for all hours worked. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

38. Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

39. Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

40. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that their work shift exceeds ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

42. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between October 24, 2016 through the date that the opt-in period expires as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage rate and/or the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

48. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether Defendants failed to pay Plaintiff and the Collective Action Members minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

   e. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

   g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

49. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

54. Upon information and belief, at least within each of the three (3) most recent years, DREAM TEAM has had annual gross revenues in excess of $500,000.

55. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

56. Defendants willfully failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

57. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

58. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

59. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

60. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

61. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

63. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

64. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

65. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. Defendants employ Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

68. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

69. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

70. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the

spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

71. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him a "spread of hours" premium for each day that his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

72. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

73. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing his gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

74. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

75. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

76. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, overtime compensation, and "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

77. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, GERMAN PUMA, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
October 24, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _German E. Puma_, am an employee currently or formerly employed by _Rice + Beans_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_8/14_, 2019

_[signature]_