UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERMAN PUMA, on behalf of himself and others similarly situated,

                    Plaintiff,

-v-

DREAM TEAM PARTNERS LLC and SALLY CHIRONIS,

                    Defendants.

CIVIL ACTION NO.: 19 Civ. 9824 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 48). On July 6, 2021, the Court directed the parties to submit a joint letter-motion addressing whether the settlement is fair and reasonable (the "July 6 Order") and for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (ECF No. 49). In the July 6 Order, the Court directed the parties to "explain the attorneys' fee arrangement, attach a copy of any retainer agreement, and provide information as to actual attorneys' fees incurred (including billing records and cost documentation)." (Id. at 2). On July 27, 2021, the parties filed a Joint Letter in support of their settlement (ECF No. 50). In the Joint Letter, the parties indicate that their settlement agreement contemplates an award of attorneys' fees based on Plaintiff's agreement "to a one-third contingency retainer agreement with counsel." (Id. at 4). However, the parties did not submit a copy of the Plaintiff's retainer agreement (the "Retainer Agreement") or billing records.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)).  "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." Id.  "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." Id.  (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir.1983)).

Although the Settlement Agreement contemplates an allocation of attorneys' fees to Plaintiffs' counsel, the parties have not submitted for the Court's review the Retainer Agreement or billing records, without which the Court cannot complete its review of the proposed settlement.  See Cuevas v. Our Child. First, Inc., No. 19 Civ. 7322 (SDA), 2019 WL 7815619, at *1 (S.D.N.Y. Dec. 4, 2019) (directing plaintiff to file unredacted retainer agreement for Cheeks review); Mamani v. Licetti, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014) (rejecting request of attorneys' fees in the absence of substantiating documentation that would allow the court to assess the reasonableness of the fee).

Accordingly, by **August 6, 2021**, Plaintiffs' counsel shall submit the Retainer Agreement or billing records.

Dated:     New York, New York                           SO ORDERED
           July 30, 2021

                                                        _____
                                                        **SARAH L. CAVE**
                                                        **United States Magistrate Judge**